# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ISAAC WILLIAMS AND TRINA DANIELS WILLIAMS | CIVIL ACTION |
| VERSUS | NO: 18-9296 |
| WILLIE THOMAS NOEL AND AMELIA GAIL NOEL | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Dismiss** (Rec. Doc. 19) filed by defendant, the Parish of Jefferson, is **GRANTED**.

Before the court is the **Motion to Dismiss, or Alternatively, for a More Definite Statement** filed by defendant, the Parish of Jefferson, seeking to dismiss this matter for lack of subject matter jurisdiction.

On the same date defendant's motion was filed, the court entered its own order noting that plaintiffs' Complaint did not include a statement of the grounds for the court's jurisdiction as required by Federal Rule of Civil Procedure 8(a)(1), and the civil cover sheet did not include a United States civil statute as a basis for any cause of action. As well, the court's review of the complaint and its attachments suggested that the suit derives from a state court petition for possession. Accordingly, the court found that plaintiffs failed to adequately allege a basis for its jurisdiction and ordered plaintiffs to amend their complaint within 20 days of entry (or by January 8, 2019) to do so, barring which the matter would be dismissed for lack of subject matter jurisdiction.

Plaintiffs filed an opposition to defendant's motion, captioned "Plaintiff's Response to Defendant's Moton to Dismiss for Lack of Subject Matter Jurisdi[c]tion or in the Alternative for Failure to Exhaust Tribal Court Remedies" (Rec. Doc. 22), but did not file an amended complaint.

Courts "give pro se briefs a liberal construction." Brown v. Sudduth, 675 F.3d 472, 477 (5th Cir. 2012). And, while "this court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construes the briefs of pro se litigants, a pro se appellant still must actually argue something that is susceptible of liberal construction." Toole v. Peak, 361 F. App'x 621 (5th Cir. 2010)(citing Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir.1995).

The court has reviewed plaintiffs' opposition, and concludes that even under the most liberal construction possible, it does not respond to the motion with facts or argument to support subject matter jurisdiction, nor even a clear version of the events at the base of the lawsuit that could be interpreted to provide a basis for this court to exercise its subject matter jurisdiction. And, as previously noted, plaintiffs have failed to amend their complaint to cure the jurisdictional defects. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion to Dismiss** (Rec. Doc. 19) filed by defendant, the Parish of Jefferson, is **GRANTED**;

**IT IS FURTHER ORDERED** that this matter is dismissed without prejudice.

New Orleans, Louisiana, this   22nd   day of January, 2019.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**