UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ISAAC WILLIAMS AND TRINA DANIELS WILLIAMS | CIVIL ACTION |
| VERSUS | NO: 18-9296 |
| WILLIE THOMAS NOEL AND AMELIA GAIL NOEL | SECTION: "S" (4) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Reconsideration** (Rec. Doc. 25) filed by plaintiffs, Isaac Williams and Trina Daniels Williams, is **DENIED**.

Before the court is a pleading in which seeks to "reve[r]se order and Judgement orde[re]d 1/22/2019," which the court construes as a Motion for Reconsideration.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The United States Court of Appeals for the Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); see also FED. R. CIV. P. 59(e). Because plaintiffs filed the instant motion on January 24, 2019, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves "'the narrow purpose of

allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Basinkeeper v. Bostick, 663 F. App'x 291, 294 (5th Cir. 2016)(quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" Berezowsky v. Rendon Ojeda, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)). Because Rule 59(e) has a "narrow purpose," the United States Court of Appeals for the Fifth Circuit has "observed that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" Id. (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)). Thus, "a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" Id. (quoting Templet, 367 F.3d at 479).

On January 22, 2019, this court entered an order dismissing plaintiffs' claims for lack of subject matter jurisdiction. Plaintiffs now seek reconsideration of that ruling. In the instant motion, plaintiffs have not come forward with evidence of any intervening change in the controlling law, newly discovered evidence, or a manifest error of law or fact in the court's prior judgment. Accordingly,

**IT IS ORDERED** that the **Motion for Reconsideration** (Rec. Doc. 25) filed by

plaintiffs, Isaac Williams and Trina Daniels Williams, is **DENIED**.

New Orleans, Louisiana, this  22nd  day of February, 2019.

                                    _____
                                        **MARY ANN VIAL LEMMON**
                                     **UNITED STATES DISTRICT JUDGE**