# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ISAAC WILLIAMS AND TRINA WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-9296** |
| **WILLIE THOMAS NOEL AND AMELIA GAIL NOEL** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiffs' **Motion to Reopen** (Rec. Doc. 34) is **DENIED**.

Before the court is a document captioned "Motion to Review Case Title 61 Revenue and Taxation Part V Ad Valorem Taxation Civil Docket Tax Roll," which the court construes as a motion to reopen. Defendant Jefferson Parish opposes the motion.

This matter was dismissed for lack of subject matter jurisdiction on January 22, 2019. Rec. Doc. 23. Plaintiffs' subsequent motion for reconsideration was denied on February 22, 2019, based on the court's conclusion that the requirements of Federal Rule 59(e) had not been met. Rec. Doc. 29. Plaintiffs now seek to reopen this matter. Because the matter was filed beyond 28 days from the court's January 22, 2019 judgment, it is treated as a motion for relief from final judgment under Federal Rule 60.

Federal Rule 60(b) provides several reasons that a court may relieve a party from an order:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

To obtain relief under Rule 60(b)(6), the movant must "show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (citations omitted).

In the present case, plaintiffs have not identified any applicable ground for relief. Moreover, in consideration of plaintiffs' pro se status, the court has carefully reviewed plaintiffs' submission and cannot discern any basis for the requested relief. Accordingly, having considered the record, the applicable law, and the memoranda of the parties,

**IT IS HEREBY ORDERED** that plaintiffs' **Motion to Reopen** (Rec. Doc. 34) is **DENIED**.

New Orleans, Louisiana, this  5th  day of September, 2019.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**